## Hower *versus* Wallis et al.

Certain personal property was levied upon under a fi. fa. as the property of A., which was claimed by A.'s wife, and a sheriff's interpleader was awarded. The claimant failed to give bond, and the court directed the sheriff to sell under the writ and pay the money into court. Other parties then claimed one-half the property levied upon. The court then made another order directing the sheriff to sell subject to the rights of the last mentioned claimants. The sheriff made sale, giving notice that he was only selling the right, title and interest of A. in the property, and that he could not deliver possession to the purchaser. In an action of replevin, brought by the purchaser at the sheriff's sale to recover the goods:

*Held,* that A.'s wife was not precluded from asserting her title as a defence to the replevin.

February 20, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lycoming county:* Of January Term, 1884, No. 124.

This was an action of replevin by A. D. Hower against S.

P. Wallis, L. G. Huling and Ida M. Huling, his wife, John Adam Swartz, and Peter Reeder, for "one-half of all the sawed lumber and logs sold by the sheriff, April 29, 1881, on an alias fi. fa. No. 14, May term, 1881, on writ of J. Ulrich, for use, &c., *v.* L. G. Huling, of the value of $100." Plea, non cepit and property.

By agreement filed, the case was tried without a jury, under the provisions of the Act of April 22, 1874, before CUMMIN, P. J., whose findings of fact and conclusions of law were as follows:

"After careful examination and due consideration I find the law and the facts in this case as follows:

"First.—March 10, 1881, the sheriff of Lycoming county, by virtue of a proper writ for that purpose, levied on a certain lot of logs and lumber as the property of L. G. Huling, the defendant named in the writ. The property levied on was claimed by Ida M. Huling, wife of the defendant in the writ. The sheriff then applied for the benefit of the interpleader act. Rule to show cause, &c., was granted. Subsequently, to wit: April 2, 1883, the claimant, Ida M. Huling, having failed to give bond, &c., the court ordered the sheriff to proceed with his writ and pay the money into court. When the sheriff attempted to proceed with his writ, Peter Reeder and S. P. Wallis gave notice that they claimed the one-half of the property levied on. The sheriff then applied to the court for leave to require indemnifying bond from the plaintiff, or to return his writ, &c., when upon April 22, 1881, the court ordered the sheriff to sell the property levied on, subject to the claims and rights of S. P. Wallis and Peter Reeder. The sheriff then, April 29, 1881, sold the property levied on, giving notice to bidders that he was only selling the right, title and interest of L. G. Huling, the defendant, in the property, and that he could not deliver possession to the purchaser. A. D. Hower became the purchaser, and brings this action of replevin to recover possession of the property bought by him at said sheriff's sale.

"Second.—The logs and lumber in controversy were cut from lands owned, or claimed to be owned, by Ida M. Huling. The logs were stocked and manufactured, or intended to be manufactured, for Ida M. Huling. L. G. Huling acted for his wife, Ida M. Huling, in this lumber transaction, but he had no personal ownership in the logs or lumber, nor had he any title to or possession of the land from whence the logs and lumber came, except for his wife and under her title. There is some evidence that L. G. Huling said he owned the logs, &c., but it is not sufficient to overcome the positive testimony of L. G. Huling himself and S. P. Wallis that this lumber

and those logs were the property of Ida M. Huling, at the time they were seized and sold, it follows therefore that the plaintiff is not entitled to recover on the facts of the case.

"The only question of law in the case is whether or not Ida M. Huling, having had an opportunity to come into court in the interpleader proceedings, and having failed then to act, is now to be permitted to make claim and set up her defence in this action. When the sheriff was ordered to proceed with his writ, no conditions were made nor was the claimant thereby barred of any of her rights. All parties interested stood just as if no proceedings had been had for the interpleader. Ida M. Huling is, therefore, not prevented from setting up her defence in this action. Bain *v.* Funk, 11 P. F. S., 185; T. & H. Prac. (5 ed.) §§ 1142, 1143, &c. It is ordered that judgment be entered in favor of the defendants in this case, subject to exceptions, &c., June 29, 1883."

Exceptions filed by the plaintiff to the findings and decision were overruled by the court, and judgment was entered on the decision, whereupon the plaintiff took this writ of error, assigning for error the overruling of his several exceptions, and the judgment. The exceptions, other than to the findings of fact, were the following:

6. The court erred in finding, as a matter of law, "that Ida M. Huling is not prevented from setting up her defence in this action."

7. The court erred in finding "that Ida M. Huling could set up title in* this property as against the sheriff's vendee, who purchased under an order of court whereby the sheriff was directed to sell the logs and lumber in dispute and pay the proceeds into court, &c."

8. The court erred in finding in favor of the defendants under all the facts and law in the case.

*John J. Metzger* (*George W. Hower* with him), for the plaintiff in error.

*W. E. Crawford* (*J. C. Hill* with him), for the defendants in error.

The opinion of the court was filed March 3, 1884.

PER CURIAM:—The order under which the property in question was sold, superseded the previous order. The sheriff gave notice to the bidders that he was selling only the right, title and interest of the defendant in the execution, in the property, and that he could not deliver possession thereof to the purchaser. The plaintiff bought with full knowledge of the limited interest sold, and that the sheriff would not

deliver possession of the property to him. In view of the manner the sale was made, the true owners were not precluded from asserting their title to the property. We see no error in the record.

Judgment affirmed.